FILED

NOV 16 2010

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-50023-02-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON |
| vs. | ) | ATTORNEY'S FEES |
| | ) | |
| JESSICA RICHARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## BACKGROUND

Defendant, Jessica Richards, along with a co-conspirator, was charged in an indictment dated April 21, 2009, with one count of conspiracy to distribute a controlled substance and one count of distribution of a controlled substance. Richards was arrested on September 24, 2009. At her initial appearance and arraignment on September 25, 2009, counsel was appointed under the Criminal Justice Act (CJA) to represent her.

A jury trial was initially scheduled to commence December 1, 2009. Richards moved for a continuance and the trial was rescheduled for February 2, 2010. On December 13, 2009, Richards' co-defendant was arrested and the trial was rescheduled to commence on February 23, 2010. After three additional motions to continue, each requesting further time to investigate and prepare, Richards entered into a plea agreement which was filed on July 12, 2010. A plea hearing was subsequently held on

July 20, 2010. Richards was then sentenced on October 5, 2010, to serve 33 months incarceration and a 3-year term of supervised release.

Counsel now seeks $16,694.50 for compensation of his time and $76.04 for the reimbursement of other expenses.

## DISCUSSION

In determining the appropriate compensation for counsel, the Court looks to the CJA Guidelines for guidance. First, the Court notes that there is a maximum compensation amount of $9,700 for those matters which were completed after January 1, 2010. See 18 U.S.C. § 3006A(d)(2). In order to award compensation above that amount, the Court must determine that the matter was extended or complex. The CJA Guidelines provide as follows:

### § 230.23.40   Waiving Case Compensation Maximums

(a)   Overview
Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).

(b)   Extended or Complex Cases
The approving judicial officer should first make a threshold determination as to whether the case is either extended or complex.

- If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."

- If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

(c) Determining Fair Compensation
After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:

- responsibilities involved measured by the magnitude and importance of the case;

- manner in which duties were performed;

- knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;

- nature of counsel's practice and injury thereto;

- any extraordinary pressure of time or other factors under which services were rendered; and

- any other circumstances relevant and material to a determination of a fair and reasonable fee.

CJA Guidelines § 230.23.40.

In reviewing this matter, the Court concludes that this matter was not "extended." As counsel notes, it took approximately one year to resolve this matter. This was due, in part, to the timing of the arrest of Richards' co-defendant. Counsel also cites the fact that the Assistant United States Attorney assigned to the matter was very busy, as well as the fact that Richards was in her final trimester of pregnancy as additional factors which contributed to the length of the proceedings. The Court, however, does not find these

factors to be unusual circumstances in a criminal case such as this. As a result, the Court finds that this matter was not extended for the purposes of determining compensation.

Additionally, the Court finds that this case was not complex. As stated previously, Richards was charged with one count of conspiracy to distribute a controlled substance and one count of distribution of a controlled substance. Representation of Richards did not require extreme skill or proficiency. There was no extraordinary pressure of time or any other factor. The legal and factual issues involved in this matter were not unusual.

Counsel notes, and a review of the records submitted by counsel reveals, that counsel spent a great deal of time consulting with Richards' family. In fact, the records reveal that counsel spent approximately 22 hours meeting with Richards' mother and other family members. While this indicates great compassion on the part of counsel, it was not essential to the representation of his client. Nonetheless, the issues at hand were not involved and did not require more skill or effort than an "average" case. As a result, the Court finds that counsel's compensation should not exceed the maximum amount of $9,700. Counsel is informed that he has ten days to file any objections.

Dated this 16th day of November, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE